UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **KRYSTAL MOORE and TERRENCE SMITH,** | |
| **Plaintiffs,** | |
| v. | Case No. 12-2002 |
| **KANKAKEE COUNTY et al.,** | |
| **Defendants.** | |

**ORDER**

Plaintiffs Krystal Moore, on behalf of herself and her deceased children, Ja'Quan Smith and Ja'Quay Smith, and Terrence Smith, the children's father, bring claims under 42 U.S.C. § 1983 and state law, alleging that, while detained at the Kankakee County Correctional Center (KCCC), Moore did not receive adequate care and treatment for her pregnancy and that, as a result, her twin boys were born prematurely and died shortly after delivery. Before the Court is Defendants' February 12, 2013, Motion To Compel Plaintiff Krystal Moore's Responses To Rule 36 Requests To Admit (#79). Plaintiff Moore, who objected to all of Defendants' requests to admit, has filed a response (#81), in which she argues that Defendants' requests are untimely and, to the extent they inquire about Moore's marijuana use, seek information irrelevant to this case.[1] For the reasons explained below, Defendants' Motion To Compel Plaintiff Krystal Moore's Responses To Rule 36 Requests To Admit **(#79)** is **GRANTED**.

Moore first argues that Defendants' requests to admit, served on January 4, 2013, were untimely because discovery closed on January 30, 2013, leaving Moore with less than the thirty days allowed by Federal Rule of Civil Procedure 36(a)(3) to respond or object to the requests to admit. The Court agrees with Defendants that the requests to admit, which Defendants served before the close of discovery, were timely. This Court's scheduling order imposed no requirement that requests to admit be served at least thirty days in advance of the close of

---

[1] In the objections she served on Defendants, Moore asserted generally that Defendants propounded too many requests for admission. Moore also objected to several requests for admission as duplicative of questions asked in Moore's deposition. The Court considers these arguments waived, as Moore does not advance them in her brief to this Court. Even if not waived, however, the Court would overrule these objections.

discovery, and Moore cites no authority for the proposition that requests to admit are untimely unless served more than thirty days before the end of discovery.  Accordingly, the Court overrules Moore's timeliness objection.

Moore next argues that any requests to admit regarding her use of marijuana are irrelevant to this case.  Defendants maintain that Moore's drug use is relevant both to determining the cause of her premature labor and to Moore's emotional distress damages, because Moore's alleged substance abuse problem establishes that she experienced emotional distress prior to the death of her children.  In response, Moore contends that her marijuana use is not relevant to the cause of her early labor, because no scientific evidence establishes that marijuana use causes adverse effects during pregnancy.  As to emotional distress damages, Moore contends that emotional distress damages are no longer at issue in this case.  Plaintiffs have filed a Motion For Leave To File Fourth Amended Complaint (#80), in which they seek to withdraw Moore's intentional infliction of emotional distress claim and to "remove[] any claim to damages for emotional distress for Plaintiff Moore."  (#80, p. 1.)

Without more information regarding the details of Plaintiffs' claims, the Court cannot determine conclusively, at this stage of the case, that Moore's drug use is irrelevant to determining the cause of Moore's premature labor and delivery.  Further, the Court has reviewed Plaintiffs' proposed Fourth Amended Complaint (#80-1), and the Court disagrees with Moore that the proposed revisions remove from consideration Moore's emotional distress.  The proposed Fourth Amended Complaint seeks damages for the loss of society of Moore's children. Certainly, Moore's emotional distress at losing her children would be a consideration in determining loss of society damages.  Accordingly, even if Plaintiffs persist in seeking to amend their Complaint, the Court finds that Moore's emotional distress is still at issue in this case.

As a final note, the Court cautions Defendants that some of their requests to admit, particularly those regarding Moore's drug use as a teenager and after the events giving rise to this case, appear to be of limited relevance, and instead seem to incite prejudice against Moore based on her drug use.  Whether to exclude such evidence under Rule 403, however, is a

determination for the trial judge.  Plaintiffs are free to file a motion in limine regarding these requests to admit.

Therefore, Defendants' Motion To Compel Plaintiff Krystal Moore's Responses To Rule 36 Requests To Admit **(#79)** is **GRANTED**.  Moore shall serve her answers to Defendants' requests to admit by May 2, 2013.

ENTERED this 18th day of April, 2013.

                                                  s/DAVID G. BERNTHAL
                                     UNITED STATES MAGISTRATE JUDGE